

Search for Cases by: [Select Search Method...        ▾]

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff OTHOMAS1313

**22SL-CC03122 - BARBARA ROGERS V SCHINDLER ELEVATOR CORPORAT ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:    ● Descending    ○ Ascending        Display Options: [All Entries    ▾]

---

**07/12/2022**  ☐ **Corporation Served**
Document ID - 22-SMCC-5521; Served To - SCHINDLER ELEVATOR CORPORATION; Server - CT CORP; Served Date - 12-JUL-22; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

☐ **Corporation Served**
Document ID - 22-SMCC-5522; Served To - MACY'S RETAIN HOLDINGS, LLC; Server - BAUMGARTNER, REX; Served Date - 11-JUL-22; Served Time - 00:00:00; Service Type - Territory 12; Reason Description - Served; Service Text - LC

**06/30/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-5522, for MACY'S RETAIN HOLDINGS, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-5521, for SCHINDLER ELEVATOR CORPORATION.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**06/29/2022**  ☐ **Filing Info Sheet eFiling**
**Filed By:** GONZALO ANDRES FERNANDEZ

☐ **Pet Filed in Circuit Ct**
Petition.
**Filed By:** GONZALO ANDRES FERNANDEZ
**On Behalf Of:** BARBARA ROGERS

☐ **Judge Assigned**
DIV 13

---

Case.net Version 5.14.54          Return to Top of Page          Released 07/15/2022

**Exhibit**

**1**

**22SL-CC03122**

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

| | |
|---|---|
| BARBARA ROGERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCHINDLER ELEVATOR | ) |
| CORPORATION, | )   Cause No. |
| Serve: | ) |
| C.T. Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
| MACY'S RETAIN HOLDINGS, LLC | ) |
| Serve: | ) |
| Corporate Creations Network, Inc. | ) |
| 12747 Olive Boulevard, Suite 300 | ) |
| St. Louis, MO 63141 | ) |
| | ) |
| REID MILLER | ) |
|     **HOLD SERVICE** | ) |
| | ) |
| DUANE K. TRAMEL | ) |
|     **HOLD SERVICE** | ) |
| | ) |
|     Defendants. | ) |

## <u>PETITION</u>

COMES NOW Plaintiff, Barbara Rogers, by and through her attorney, Gonzalo Fernandez, and for her cause of action against the above-named Defendants, hereby states as follows:

1.    At all times relevant herein, Plaintiff was and is a resident of St. Louis County, State of Missouri.

2.    Defendant Macy's Retail Holdings, LLC (hereinafter "Macy's") is an Ohio

1

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

corporation which owns and operates various retail department stores throughout the country commonly known as "Macy's".  The Defendant owned and operated a Macy's department store located in the West County Shopping Mall located in St. Louis County.

3.      Defendant Schindler Elevator Corporation (hereinafter "Schindler") is a Delaware corporation that is registered with the Missouri Secretary of State to do business within the State of Missouri.  Defendant Schindler is engaged in the business of servicing elevators and escalators.

4.      Defendant Reid Miller (hereinafter "Miller") is an individual who upon information and belief is a resident of the State of Missouri and at the time of the allegations set forth in this Petition was in charge of public safety for the Defendant Schindler and as such had the responsibility to ensure that whatever repairs were made to the escalator were done in a reasonably safe manner that would not pose a risk of harm to the customers of Macy's.

5.      Defendant Duane K. Tramel (hereinafter "Tramel") is an individual who upon information and belief is a resident of the State of Missouri and at the time of the allegations set forth in this Petition was the General Manager of the Macy's West County Store and as such had an obligation to ensure that whatever repairs were made to the escalator were done in a reasonably safe manner that would not pose a risk of harm to the customers of Macy's.

6.      On or about March 13, 2020, the Plaintiff was a business invitee of the Defendant Macy's and went to the West County Mall store to make a return.  She had been driven to the store by her husband, Dick Rogers, who was waiting for her outside in the parking lot in the car.

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

7.     Plaintiff attempted to go from the first floor of Macy's to the second floor using an interior escalator installed for that purpose.  Unfortunately, on the date of the incident, the up escalator was stopped for repair.

8.     Upon information and belief, the elevator had been stopped by employees and agents of the Schindler Elevator Corporation with the assistance and at the request and direction of the Defendant Macy's.

9.     Plaintiff followed other customers onto the non-functioning escalator and began to climb the steps of the escalator making her way to the second floor of the May's department store.

10.     As Plaintiff reached the top and final step, she expected the distance between the last step and the landing area to be the same as the distance of all the other steps on the escalator.  Instead, the elevator had been stopped in a half step position which caused Plaintiff to trip, stumble and fall to the ground.  Plaintiff was helped up from the ground by other customers in the area and the same customers walked her out of the store to where her husband was waiting in the car.  Dick Rogers, Barbara Rogers' husband, drove her straight to the Mercy Hospital emergency room due to Barbara having fallen and injured her left shoulder.

11.     The physicians at Mercy Hospital took x-rays which documented a left humeral head neck fracture of the shoulder.  They gave her pain medication and released her after having stabilized the shoulder with a strap and sling.

12.     Plaintiff followed up that week with Dr. Shuyler Halverson at Mercy Hospital Orthopedics who indicated that she had sustained a three part fracture of the

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

proximal end of her left humerus in her fall.  He recommended surgery to treat her fractured shoulder.

13.    Plaintiff sought a second opinion and followed up with Dr. Jay Keener at Barnes Hospital Orthopedic Department who confirmed the diagnosis and agreed with the plan of treatment.  On April 6, 2020, she underwent a left reverse shoulder arthroplasty to repair the injury to her shoulder.

14.    The Plaintiff has incurred significant damages and expenses due to the injuries she sustained in the fall. The Plaintiff has incurred medical, pharmaceutical, surgery, hospital and therapy expenses. Plaintiff has been with a permanent disability that has been painful and progressive and such pain and limitation of function will continue in the future. Plaintiff has suffered great pain and anguish of both body and mind altering her relationship with family, friends, and peers.

15.    At all times relevant herein Defendant Reid Miller was an employee or agent of Defendant Schindler and acting within the course and scope of his employment for Defendant Schindler.

16.    At all times relevant herein Defendant Duane K. Tramel was an employee or agent of Defendant Macy's and acting within the course and scope of his employment for Defendant Macy's.

## COUNT I
### (Negligence – Schindler)

COMES NOW Plaintiff, Barbara Rogers, by and through her attorney, Gonzalo Fernandez, and for Count I of her cause of action against Defendant Schindler, states as follows;

17.    Plaintiff incorporates by reference herein paragraphs 1 through 16.

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

18.     Defendant Schindler, acting by and through its employees and agents, was negligent in one or more of the following respects, to-wit:

a) Defendant allowed the escalator to come to a resting position in such a manner that the top step was not flush with the landing area resulting in a half step that presented a hazard to any individual that might be walking up the stopped escalator;

b) Defendant allowed customers and business invitees such as Plaintiff to continue to use the broken down escalator as a set of steps when, in fact, they presented an unreasonable danger to anyone using them;

c) Defendant failed to either block off the elevator so that access could not be gained by individuals and customers such as Plaintiff, or failed to give warning of any latent defects and dangers such as the half step that awaited at the top of the stuck escalator;

d) Defendant failed to provide its customers with a reasonably safe environment where customers would not be exposed to undue risk of harm; and

e) Defendant was negligent in the manner in which it attempted to repair the escalator in question allowing it to remain in an unusual condition for a prolonged period of time.

19.     As a result of Defendant's negligence as described above, the Plaintiff sustained injuries and damages as more fully described above. She has incurred nearly $90,000.00 in medical bills related to her surgery and rehabilitation and has been rendered with a permanent disability in her left shoulder.  Plaintiff has suffered significant injuries and damages and has also suffered great anguish of body and mind

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

and will forever suffer a diminution in the quality of her life altering her relationship with her family and peers.  All of these damages are permanent and progressive and directly related to the Defendant's negligence as outlined above.

WHEREFORE, Plaintiff prays for damages against the Defendant in a fair and reasonable amount in excess of $25,000.00, for her costs herein expended, and for such other and further relief as this Court deems just and proper.

<u>**COUNT II**</u>

<u>**(Negligence – Macy's)**</u>

COMES NOW Plaintiff, Barbara Rogers, by and through her attorney, Gonzalo Fernandez, and for Count II of her cause of action against Defendant Macy's, states as follows;

20.     Plaintiff incorporates by reference herein paragraphs 1 through 16.

21.     Defendant Macy's, acting by and through its employees and agents, was negligent in one or more of the following respects, to-wit:

a) Defendant allowed the escalator to come to a resting position in such a manner that the top step was not flush with the landing area resulting in a half step that presented a hazard to any individual that might be walking up the stopped escalator;

b) Defendant allowed customers and business invitees such as Plaintiff to continue to use the broken-down escalator as a set of steps when, in fact, they presented an unreasonable danger to anyone using them given the manner in which it had been stopped with a half step at the top of the escalator;

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

c) Defendant failed to either block off the elevator so that access could not be gained by individuals and customers such as Plaintiff, or failed to give warning of any latent defects and dangers such as the half step that awaited at the top of the stopped escalator;

d) Defendant failed to have the escalator inspected, serviced and maintained on a regular basis such that the breakdown of the escalator as occurred in this case was reasonably foreseeable and posed an unreasonable danger to its customers; and

e) Defendant failed to provide its customers with a reasonably safe environment where customers would not be exposed to undue risk of harm.

22.     As a result of Defendant's negligence as described above, the Plaintiff sustained injuries and damages as more fully described above. She has incurred nearly $90,000.00 in medical bills related to her surgery and rehabilitation and has been rendered with a permanent disability in her left shoulder.  Plaintiff has suffered significant injuries and damages and has also suffered great anguish of body and mind and will forever suffer a diminution in the quality of her life altering her relationship with her family and peers.  All of these damages are permanent and progressive and directly related to the Defendant's negligence as outlined above.

WHEREFORE, Plaintiff prays for damages against the Defendant in a fair and reasonable amount in excess of $25,000.00, for her costs herein expended, and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

### COUNT III
### (Negligence – Miller)

COMES NOW Plaintiff, Barbara Rogers, by and through her attorney, Gonzalo Fernandez, and for Count III of her cause of action against Defendant Miller, states as follows;

23.     Plaintiff incorporates by reference herein paragraphs 1 through 16.

24.     Defendant Miller was negligent in one or more of the following respects, to-wit:

a) Defendant allowed the escalator to come to a resting position in such a manner that the top step was not flush with the landing area resulting in a half step that presented a hazard to any individual that might be walking up the stopped escalator;

b) Defendant allowed customers and business invitees such as Plaintiff to continue to use the broken down escalator as a set of steps when, in fact, they presented an unreasonable danger to anyone using them;

c) Defendant failed to either block off the elevator so that access could not be gained by individuals and customers such as Plaintiff, or failed to give warning of any latent defects and dangers such as the half step that awaited at the top of the stuck escalator;

d) Defendant failed to provide Macy's customers with a reasonably safe environment where customers would not be exposed to undue risk of harm; and

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

e) Defendant was negligent in the manner in which it attempted to repair the escalator in question allowing it to remain in an unusual condition for a prolonged period of time.

25.    As a result of Defendant's negligence as described above, the Plaintiff sustained injuries and damages as more fully described above. She has incurred nearly $90,000.00 in medical bills related to her surgery and rehabilitation and has been rendered with a permanent disability in her left shoulder.  Plaintiff has suffered significant injuries and damages and has also suffered great anguish of body and mind and will forever suffer a diminution in the quality of her life altering her relationship with her family and peers.  All of these damages are permanent and progressive and directly related to the Defendant's negligence as outlined above.

WHEREFORE, Plaintiff prays for damages against the Defendant in a fair and reasonable amount in excess of $25,000.00, for her costs herein expended, and for such other and further relief as this Court deems just and proper.

### COUNT IV
### (Negligence – Tramel)

COMES NOW Plaintiff, Barbara Rogers, by and through her attorney, Gonzalo Fernandez, and for Count IV of her cause of action against Defendant Tramel, states as follows;

26.    Plaintiff incorporates by reference herein paragraphs 1 through 16.

27.     Defendant Miller was negligent in one or more of the following respects, to-wit:

a) Defendant allowed the escalator to come to a resting position in such a manner that the top step was not flush with the landing area resulting in a half

9

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

step that presented a hazard to any individual that might be walking up the stopped escalator;

b) Defendant allowed customers and business invitees such as Plaintiff to continue to use the broken down escalator as a set of steps when, in fact, they presented an unreasonable danger to anyone using them;

c) Defendant failed to either block off the elevator so that access could not be gained by individuals and customers such as Plaintiff, or failed to give warning of any latent defects and dangers such as the half step that awaited at the top of the stuck escalator;

d) Defendant failed to provide Macy's customers with a reasonably safe environment where customers would not be exposed to undue risk of harm; and

e) Defendant was negligent in the manner in which it attempted to repair the escalator in question allowing it to remain in an unusual condition for a prolonged period of time.

28.     As a result of Defendant's negligence as described above, the Plaintiff sustained injuries and damages as more fully described above. She has incurred nearly $90,000.00 in medical bills related to her surgery and rehabilitation and has been rendered with a permanent disability in her left shoulder.  Plaintiff has suffered significant injuries and damages and has also suffered great anguish of body and mind and will forever suffer a diminution in the quality of her life altering her relationship with her family and peers.  All of these damages are permanent and progressive and directly related to the Defendant's negligence as outlined above.

Electronically Filed - St Louis County - June 29, 2022 - 10:47 AM

WHEREFORE, Plaintiff prays for damages against the Defendant in a fair and reasonable amount in excess of $25,000.00, for her costs herein expended, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

FERNANDEZ LAW, LLC

/s/ Gonzalo Fernandez

_____
GONZALO FERNANDEZ, #40246
Attorney for Plaintiff
133 South 11th Street, Suite 350
St. Louis, MO 63102
(314) 621-1252
Fax: (314) 621-5705
gonz@stltriallawyers.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRUCE F. HILTON | Case Number:  22SL-CC03122 | |
|---|---|---|
| Plaintiff/Petitioner:<br><br>BARBARA ROGERS | Plaintiff's/Petitioner's Attorney/Address<br>GONZALO ANDRES FERNANDEZ<br>133 S 11TH STREET<br>SUITE 350<br>SAINT LOUIS, MO  63102 | **SHERIFF FEE PAID** |
| | vs. | |
| Defendant/Respondent:<br> SCHINDLER ELEVATOR CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **SCHINDLER ELEVATOR CORPORATION**<br>Alias: |

C.T. CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>30-JUN-2022</u> _____
**Date**                                                              Clerk

**Further Information:**
JS

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
        Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
*(Seal)*                                                        Date                                            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRUCE F. HILTON | **Case Number:  22SL-CC03122** |
| Plaintiff/Petitioner:<br>BARBARA ROGERS | Plaintiff's/Petitioner's Attorney/Address<br>GONZALO ANDRES FERNANDEZ<br>133 S 11TH STREET<br>SUITE 350<br>SAINT LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br> SCHINDLER ELEVATOR CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  MACY'S RETAIN HOLDINGS, LLC**
   **Alias:**
**CORPORATE CREATIONS NETWORK**
**12747 OLIVE BLVD.SUITE 300**
**ST. LOUIS, MO 63141**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

__30-JUN-2022__
**Date**

_____
**Clerk**

**Further Information:**
**JS**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____

*(Seal)*                                   Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

RETURN C

SB
7-29



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRUCE F. HILTON | Case Number: 22SL-CC03122 |
|---|---|
| Plaintiff's/Petitioner:<br>BARBARA ROGERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GONZALO ANDRES FERNANDEZ<br>133 S 11TH STREET<br>SUITE 350<br>SAINT LOUIS, MO  63102 |
| Defendant/Respondent:<br>SCHINDLER ELEVATOR CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  SCHINDLER ELEVATOR CORPORATION
Alias:

C.T. CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

30
CTCOR
YW

*COURT SEAL OF*



*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

    <u>30-JUN-2022</u>
    Date

Further Information:
JS

_____ Clerk

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
**LCW – B. LOVE**    (name)    **INTAKE SPECIALIST**    (title).

☑ other

Served at **CT CORPORATION** _____ (address)

in **St. Louis County** (County/City of St. Louis), MO, on **JUL 1 2 2022** (date) at **9 AM** (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)    My commission expires: _____
              Date    Notary Public

2022 JUL 7  PM 3:29
ST. LOUIS COUNTY
SHERIFF'S OFFICE
RECEIVED

FILED
JUL 1 3 2022
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

7/8 R

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# FERNANDEZ LAW
### ———— LLC ————

July 1, 2022

**GONZALO FERNANDEZ**
ATTORNEY
Licensed in Missouri, Illinois
& Colorado

**KIMBERLEE ZIMMERMANN**
PARALEGAL

**LIZ ROSARIO**
PARALEGAL

St. Louis County Sheriff
7900 Carondelet
5th Floor
Clayton, MO 63105

RE:  Barbara Rogers v. Schindler Elevator Corporation, et al.

Dear Sheriff:

133 SOUTH 11TH STREET
SUITE 350
CHOUTEAU CENTER
ST. LOUIS, MO  63102
TEL: 314.621.1252
FAX: 314.621.5705

stltriallawyers.com

Please serve the enclosed Summons and Petition on the Defendant, Schindler Elevator Corporation, by serving the C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 64105.

Your fee for this service was paid through the St. Louis County Clerk's office at the time of filing.

I am enclosing a self-addressed stamped envelope for your convenience in returning the completed Summons to our office.

Thank you for your assistance in this matter.

Very truly yours,

FERNANDEZ LAW, LLC

GONZALO FERNANDEZ

GF/kz
Enclosures

**RETURN**

214

SB
7-29

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRUCE F. HILTON | Case Number: 22SL-CC03122 |
|---|---|
| Plaintiff/Petitioner:<br>BARBARA ROGERS | Plaintiff's/Petitioner's Attorney/Address<br>GONZALO ANDRES FERNANDEZ<br>133 S 11TH STREET<br>SUITE 350<br>SAINT LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>SCHINDLER ELEVATOR CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  MACY'S RETAIN HOLDINGS, LLC
Alias:
CORPORATE CREATIONS NETWORK  (12)
12747 OLIVE BLVD.SUITE 300
ST. LOUIS, MO 63141

BAULP
M

**COURT SEAL OF**

**ST. LOUIS COUNTY**

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

  <ins>30-JUN-2022</ins>
  Date

  Further Information:
  JS

Clerk

### Sheriff's or Server's Return
Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Emily _____ (name) Receptionist (title).
☐ other
Served at 12747 Olive Blvd #300 _____ (address)
in St Louis (County/City of St. Louis), MO, on 7/11/22 (date) at 0920 (time).
Rex Baumgartner
Printed Name of Sheriff or Server          Signature of Sheriff or Server

RECEIVED 2022 JUL -1 PH 3:29 ST LOUIS COUNTY SHERIFFS OFFICE

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date)
My commission expires: _____
                              Date          Notary Public
(Seal)

FILED JUL 13 2022 JOAN M. GILMER CIRCUIT CLERK, ST LOUIS COUNTY

OSCA (7-99) SM40  (SMCC) *For Court Use Only:* Document ID# 22-SMCC-5522     1     Rule 86.05; 523.030 RSMo

7/8R

# FERNANDEZ LAW
### LLC

July 1, 2022

**GONZALO FERNANDEZ**
ATTORNEY
Licensed in Missouri, Illinois
& Colorado

**KIMBERLEE ZIMMERMANN**
PARALEGAL

**LIZ ROSARIO**
PARALEGAL

133 SOUTH 11TH STREET
SUITE 350
CHOUTEAU CENTER
ST. LOUIS, MO  63102
TEL: 314.621.1252
FAX: 314.621.5705

*stltriallawyers.com*

St. Louis County Sheriff
7900 Carondelet
5th Floor
Clayton, MO 63105

    RE:  Barbara Rogers v. Schindler Elevator Corporation, et al.

Dear Sheriff:

    Please serve the enclosed Summons and Petition on the Defendant, Macy's Retain Holdings, LLC, by serving the Corporate Creations Network, Inc., 12747 Olive Boulevard, Suite 300, St. Louis, Missouri 63141.

    Your fee for this service was paid through the St. Louis County Clerk's office at the time of filing.

    I am enclosing a self-addressed stamped envelope for your convenience in returning the completed Summons to our office.

    Thank you for your assistance in this matter.

    Very truly yours,

    FERNANDEZ LAW, LLC

    GONZALO FERNANDEZ

GF/kz
Enclosures